

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 1:05-CR-106** |
| | § | |
| | § | |
| **MANUEL WADE DESHOTEL** | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
## BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Manuel Wade Deshotel, violated conditions of supervised release imposed by United States District Judge Ron Clark. The Government filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release. The Court conducted a hearing on June 30, 2010, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his

supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On February 23, 2006, The Honorable Ron Clark of the Eastern District of Texas sentenced Defendant after he pled guilty to the offense of felon in possession of a firearm, a Class C felony. Judge Clark sentenced Mr. Deshotel to 54 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare; prohibition against associating with any known gang members or participating in any gang-related activity; and a $100 special assessment. On May 4, 2009, Manuel Wade Deshotel completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States alleges that Defendant violated the following mandatory condition of

supervised release:

> *The defendant shall not commit another federal state or local crime.*

On December 28, 2009, Mr. Deshotel was convicted of unauthorized use of a vehicle. As a result, he was sentenced to 7 months county jail, in Harris County, Texas, and $230 court costs.

**C. Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. As an exhibit, the Government submitted a copy of judgment of conviction entered against Manuel Wade Deshotel in the 338th District Court of Harris County, Texas, showing that he was in fact convicted of the offense of unauthorized use of a vehicle. The date of the judgment of conviction is December 28, 2009, and it shows that the offense was committed on November 14, 2009.

Defendant offered a plea of true to the allegation set forth in the petition which alleges that he was convicted of the state crime of unauthorized use of a vehicle.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a mandatory condition of his supervised release by committing a state crime while on supervised release.

Being convicted of the state crime of unauthorized use of a vehicle in violation of Defendant's supervision conditions constitutes a Grade B violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the Court shall revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1).

Based upon Mr. Deshotel's criminal history category of VI and the Grade B violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 21 to 27 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years, less any time the Defendant may have already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3). Accordingly, the maximum imprisonment term Mr. Deshotel faces is actually capped at 24 months.

According to Fifth Circuit precedent, Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is, and has always been, only advisory. *See United States v. Hinson*, 429 F.3d 114, 117 (5th Cir. 2005); *United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (Citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Therefore, the Court will take into account the facts of this case, the nature of the offense, and Defendant's history and characteristics in determining the appropriate sentence the supervision violations and the resulting revocation. The statute is clear in giving the Court the ability to revoke a defendant's supervised release once a violation has been established by a preponderance of the

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

evidence. *See* 18 U.S.C. § 3583; *United States v. Grandlund*, 71 F.3d 507, 509 n.2 (5th Cir. 1995). The violation of just one condition is enough to sustain revocation under the statute.

Here, the evidence supports a finding that Deshotel was convicted of the crime of unauthorized use of a vehicle in violation of his terms of supervised release. The Defendant voluntarily pled true to this conduct.

Based upon the background of this case and Defendant's situation, the Defendant and his counsel requested that the Court impose a term of imprisonment below the Guideline range suggested for the Grade B violation. In opposition, the Government argued that the Court should not downwardly depart and instead should impose a sentence within the Guideline range, as recommended by the United States Probation Office. The Probation Office recommended a 21 month term of imprisonment for the revocation in Mr. Deshotel's case.

After considering the circumstances of the case and the arguments and evidence presented, the Court finds that Mr. Deshotel violated his conditions of supervised release by committing the Grade B violation of unauthorized use of a motor vehicle, as stated *supra*. In reaching a decision on an appropriate sentence, the Court takes the following facts into consideration.

Mr. Deshotel allocuted to the Court and tried to explain the circumstances leading to the new state conviction. However, there is no disputing that he pled guilty and was in fact convicted on the unauthorized use of vehicle charge and served a state jail sentence for that offense. Furthermore, the evidence presented establishes that Mr. Deshotel was in Harris County at the time of this offense, outside of the Eastern District of Texas, which is a violation of his supervision conditions. The Court makes no finding on this violation for purposes of the petition to revoke, but the undersigned does take this into account when considering the appropriate sentence. Mr.

Deshotel also had only been under his supervision conditions for six months of his three year supervised release term when he was charged and convicted on the state offense. He has accordingly shown some difficulty in complying with his supervision conditions and following the directives of the Probation Office, and most importantly, difficulty following the law while on supervised release. All of these factors lead the Court to conclude that a downward departure and sentence below the recommended Guideline range is not warranted in this case. Based on the totality of the circumstances in this case, the Court concludes that 21 months imprisonment would be an appropriate sentence for the Grade B violation of being convicted of the state crime of unauthorized use of a vehicle, as suggested by the United States Probation Office.

Therefore, based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned further recommends that the District Court order Defendant to serve a term of **twenty-one (21) months imprisonment** in this cause, with no further term of supervision to follow in this case.

### **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts

require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of July, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE